HEARD APRIL TERM, 1875.

## VAN WYCK *vs.* NORRIS.

It is not inconsistent with the rights of creditors generally, who are subject to the usual restraining order under a creditor's bill, to allow a particular creditor to establish his claim by judgment; such judgment not to entitle him to preference over other creditors.

BEFORE COOKE, J., AT CHAMBERS, AUGUST, 1874.

These were three actions commenced in the County of Anderson, each entitled The State of South Carolina, *ex relatione* Lydia A. M. Van Wyck and others, plaintiffs, *against* Isabella H. Norris and others, defendants, for settlement of the estate of Andrew O. Norris, deceased, alleged to be insolvent. The case is sufficiently stated in the opinion of the Court.

*Burt & Thomson,* for appellants.

*Earle & Wells,* contra.

April, 1875.   The opinion of the Court was delivered by

WILLARD, A. J.   Appeals are taken from orders made in three several cases, each entitled as above, dissolving, to a limited extent, injunctions that had been previously granted. The actions in which the injunctions had been allowed were in the nature of creditors' bills against the administrator and distributees of A. O. Norris, deceased, various other parties interested or affected directly or collaterally being made parties thereto, in order to obtain payment of demands against the deceased on account of moneys received by him as Commissioner in Equity and not accounted for. The complaints sought to reach the assets of the deceased and of his sureties, and to apply them ratably to the payment of his debts, both individual and official, and prayed that the creditors of the deceased might be restrained from prosecuting their demands at law.

The injunctions were allowed according to the prayer of the complaints. Subsequently, on notice, an order was made in each of the cases by the Circuit Judge as follows:

"It is ordered that the injunction be dissolved in so far as it affects the action pending between John Featherston *et al.* against Francis McDavid, J. C. C. Featherston and Ezekiel Norris."

"It is further ordered that the money made upon any judgment which may be obtained in said action shall only be paid out upon the further order of the Court."

The special grounds for permitting the action referred to in the order to proceed notwithstanding the injunction do not appear. But this is unimportant, as the appeal is not based on the sufficiency of these grounds, but assumes the general position that such a modification of the injunction is necessarily inconsistent with the rights of the plaintiffs to restrain all proceedings sought to enforce an individual demand exclusively, in the face of an action intended to enure for the benefit of all creditors upon an equal footing. The order dissolving the injunction *pro tanto* does not permit the creditor suing at law to gain any advantage that conflicts with the equitable purposes of the complaint. He may recover a judgment and search for assets, but can acquire no lien, and is entitled to no process to enforce his judgment by which he can apply to his exclusive use any part of the estate of the deceased as against other creditors.

His judgment, when recovered, is simply proof under which he may be admitted to the character of a creditor in the distribution of the assets of the estate of deceased under a decree in behalf of creditors generally. Nor can he assert against creditors any lien or priority as obtained under that judgment that did not exist at the commencement of the action.

It is not unusual nor inconsistent with the rights of creditors, under a complaint framed as the present one is, to permit particular creditors to establish their demands by judgments at law so long as such judgments are subjected to the proceedings in behalf of creditors at large.

The appeal should be dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.